## COFFEEN v. HAMMOND.

The sworn certificate of a judge and clerk admitted to show certain items in an amended transcript which was lost, in order to show that the adjudication thereon was correct.

APPEAL *from Polk District Court.*

*Opinion by* WILLIAMS, C. J. George Hammond brought suit against Benjamin Coffeen, before a justice of the peace, in assumpsit. The parties appeared, trial was had, and the plaintiff recovered by the verdict of a jury, the sum of forty-one dollars and costs, for which judgment was entered. The cause was taken by the certiorari to the district court

16

of Polk county. The cause was called for trial at the April term, 1851. The record shows that on the trial before the justice the defendant failed to present and file his items of set-off to the plaintiff's demand, until after the jury had been sworn to try the issue. That after the examination of the plaintiff's witnesses had been closed, he then offered to prove his items of set off, to which plaintiff objected, and the objection was sustained by the justice, on the ground that he had not complied with the statute, which requires the defendant to file with the justice his set-off before the jury is sworn.

When the cause was called for trial on the certiorari in the district court, the transcript of the proceedings before the justice as certified by him, showed that the defendant had offered to prove, in defence to the plaintiff's action, "set-off and payment," and that his evidence therefore was ruled out by the justice. A rule to perfect the record as returned by the justice, was prayed for on the part of Hammond, the plaintiff below, and granted. Upon the return of the rule, the justice sent up an amended transcript, duly certified, by which it appeared that he was mistaken in his first transcript in stating therein that the defendant, Coffeen, had offered to prove "set-off and *payment*," that in truth, he had only offered to prove items of set-off; that the mistake occurred because the justice did not know the difference in law between set-off and payment. The record being thus amended, the proceedings of the justice were affirmed by the district court. The cause is here by appeal.

On the trial here the record again proved to be deficient. The record of the justice, as amended, and upon which the decision was made in the district court, was proved to be lost, and the case came to this court as originally certified by the justice. On motion of the counsel of Hammond, the appellee, a rule was presented and served on the clerk of the district court, to send up the whole record of the case. In answer to this rule the clerk certified and proved

Coffeen v. Hammond.

by his oath that the amended transcript of the justice, as above stated, had been duly filed of record in the district court. That it was that which formed the basis of the trial and decision of the case on the certiorari in the district court ; that he had searched diligently and carefully for it in the office of the clerk of the district court, and that it could not be found. This statement under oath is also accompanied by the certificate, under oath, of William McCay, the judge of the district court, who tried the cause in that court, and who is still the acting judge of the district, of which Polk county is a part, by which he certifies that the amended transcript of the justices proceedings was on file in the district court, and that it formed the basis. of the decision of the court, as being the true and proper transcript of the justice. This being the state of the case as presented here, the attorney for the appellant objected to the reception of the certificate of the judge and clerk, as made under oath, and insisted on the trial of the cause upon the original transcript of the justice, by which it is made to appear that the defendant, on the trial before the justice, had offered to prove "*payment and set-off.*" As the success of the appellant, in reversing the judgment of the district court, depends entirely upon the acceptance and allowance of this evidence to supply the loss of the amended transcript, this is the only question for decision in this case. We confess that this case is rather anomalorous. That the most, nay only, important part of the record, so far as the point at issue is concerned, is not to be found among the papers of the case, is indeed singular. We have been unable to find in the books here any case which might serve as a precedent for our action. The object of a record is to obviate the necessity of reliance on the memory of man, which would tend to confusion and uncertainty in the adjustment of the rights of parties litigant. However, the great design of the law, is the ascertainment of right. If the loss of a paper of record could not be proven, and the

next best evidence of its existence and contents could not be given, it is clear that gross injustice might be the consequence. We therefore feel constrained to resort to the same rule which prevails by well established practice to supply evidence in the case of a lost deed or other instrument of writing, when its existence and loss have been established. Being satisfied that the transcript, as amended, was duly filed in the case, and that the adjudication of the district court was properly had thereon, and that the defendant did not present his set-off in time as required by the statute; also, that he did not offer to prove payment, we are of the opinion that there is no error in the judgment of the district court.

Judgment affirmed.

*J. E. Jewitt*, for appellant.

*M. Young*, for appellee.